No. *13-8031*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

DAWN ATWELL, et.al,       )
                                )
    Plaintiffs-Respondents,    )
vs.                             )
                                )
BOSTON SCIENTIFIC        )
CORPORATION,            )
                                )
    Defendant-Petitioner.    )

*FILED*

*SEP - 6 2013*

*MICHAEL GANS*
*CLERK OF COURT*

Appeal from the United States District Court Eastern District of Missouri
Civil Action No. 4:13-cv-01270-CEJ
(Along with related appeals from *Evans, et al. v. Boston Scientific Corp.*, 4:13-cv-
1272-HEA and *Taylor, et al. v. Boston Scientific Corp.*, 4:13-cv-1274-HEA)

Honorable Carol E. Jackson
United States District Judge

## PETITION FOR LEAVE TO APPEAL
## PURSUANT TO 28 U.S.C. § 1453(c)(1)

HEPLERBROOM LLC
Gerard T. Noce #27636
gtn@heplerbroom.com
W. Jason Rankin #62672
wjr@heplerbroom.com
Beth A. Bauer #49981
bab@heplerbroom.com
211 North Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160

SHOOK, HARDY & BACON L.L.P.
Eric A. Anielak
eanielak@shb.com
Jon A. Strongman
jstrongman@shb.com
Adrienne L. Hernandez
ahernandez@shb.com
2555 Grand Blvd.
Kansas City, MO 64108-2613
816-474-6550

ATTORNEYS FOR PETITIONER
BOSTON SCIENTIFIC CORPORATION

# TABLE OF CONTENTS

Table of Contents ...................................................................................................i

Table of Cases and Other Authorities....................................................................iii

Jurisdictional Statement ........................................................................................1

Question Presented..................................................................................................2

Relief Requested ....................................................................................................2

Introduction ............................................................................................................3

Statement of Facts..................................................................................................6

      A.    Plaintiffs' Proposal for A Single Trial Judge, Consistent Rulings Through Trial, and a Bellwether Process

      B.    The Removal and Remand Proceedings

Standards for Accepting CAFA Appeals..................................................................9

Reasons to Accept This Appeal ..............................................................................11

      I.    This Case Presents an Important CAFA Issue of Whether Plaintiffs' Proposal for Assignment of Multiple Cases to a Single Judge for Consistent Rulings Through Trial and a Bellwether Process is a Joint Trial in Substance

            A.    *Abbott's* Well-Reasoned Interpretation of "Tried Jointly" Disposes of This Appeal

            B.    Reversal of the District Court Decisions Better Serves CAFA

            C.    There is No Compelling Reason to Create a Circuit Split

      II.    Case-Specific Factors Support Granting Review

i

Conclusion ..................................................................................................19

Certificate of Service .................................................................................20

Index to Exhibits .......................................................................................21

ii

# TABLE OF CASES AND OTHER AUTHORITIES

**Cases:**

*Coleman v. Estes Exp. Lines, Inc.,*
   627 F.3d 1096 (9th Cir. 2010) ........................................................1, 9, 10, 17

*Coll. of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.,*
   585 F.3d 33 (1st Cir. 2009)....................................................................1, 9, 11

*In re Abbott Laboratories,*
   698 F.3d 568 (7th Cir. 2012) .................................................................passim*

*Standard Fire Ins. Co. v. Knowles,*
   133 S. Ct. 1345 (2013)........................................................................4, 12, 16

*Westerfeld v. Indep. Processing, LLC,*
   621 F.3d 819 (8th Cir. 2010) ...........................................................................4

*Raskas v. Johnson & Johnson, et al.,*
   719 F.3d 884 (8th Cir. 2013) .......................................................................4, 5

*In Re Boston Scientific Corporation, Pelvic Repair Systems Products Liability Litigation,*
   MDL No. 2326...................................................................................................5

*Froud v. Anadarko E&P Co. Ltd. P'ship,*
   607 F.3d 520 (8th Cir. 2010) ...........................................................................9

*Bullard v. Burlington N. Santa Fe Ry. Co.,*
   535 F.3d 759 (7th Cir. 2008) ...................................................................13, 14

*Koral v. Boeing Co.,*
   628 F.3d 945 (7th Cir. 2011) ........................................................................ 14

*Tanoh v. Dow Chem. Co.,*
   561 F.3d 945 (9th Cir. 2009) .........................................................................15

*In Re Miller,*
   276 F.3d 424, 428-29 (8th Cir. 2002)............................................................16

Appellate Case: 13-8031     Page: 4     Date Filed: 09/06/2013 Entry ID: 4073251

*BP America, Inc. v. Oklahoma ex rel. Edmondson,*
 613 F.3d 1029 (10th Cir. 2010) ....................................................17

**Statutes and Other Authorities:**

28 U.S.C. § 1332(d) ................................................................2, 3, 14

28 U.S.C. § 1453 .........................................................1, 2, 9, 11, 18

28 U.S.C. § 1447 ......................................................................1

Rule 26, Fed. R. App. P. ............................................................1

S. Rep. No. 109-14 (2005) ..........................................................4

Pub. L. No. 109-2 (2005) ...........................................................4

151 Cong Rec. H729 (Daily ed. Feb. 17, 2005) ........................6

Oxford English Dictionary............................................................6

Paul D. Rheingold, *Litigating Mass Tort Cases*, § 2:4 (2012) ................11

Appellate Case: 13-8031 Page: 5 Date Filed: 09/06/2013 Entry ID: 4073251

Pursuant to 28 U.S.C. § 1453(c) and Federal Rule of Appellate Procedure 5, Petitioner Boston Scientific Corporation ("Boston Scientific") requests leave to appeal three related remand orders issued by the Eastern District of Missouri on August 27, 2013.[1]

## JURISDICTIONAL STATEMENT

In standard removal and remand cases, a district court's decision to remand a case is unreviewable. 28 U.S.C. § 1447(d). But Congress expected the necessity of appellate interpretation of CAFA, and enacted mechanisms so this Court could hear appeals from remand decisions. *Coleman v. Estes Exp. Lines, Inc*., 627 F.3d 1096, 1100 (9th Cir. 2010) (Congress provided for review to create body of appellate law under CAFA); *Coll. of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38 (1st Cir. 2009) (Section 1453(c) was enacted, "in large part, to develop a body of appellate law interpreting [CAFA]"). 28 U.S.C. § 1453(c) provides this Court jurisdiction over the Petition. The Petition was timely-filed pursuant to 28 U.S.C. § 1453(c) and Federal Rule of Appellate Procedure 26.

---

[1] *See* App. 01-18.

Appellate Case: 13-8031     Page: 6     Date Filed: 09/06/2013 Entry ID: 4073251

## QUESTION PRESENTED

1.    In a matter of first impression for this Court, does CAFA's "mass action" provision, which grants jurisdiction to federal courts in cases "in which monetary relief claims of 100 or more persons are proposed to be tried jointly," (28 U.S.C. § 1332(d)(11)(B)(i)) , apply when 100-plus plaintiffs request assignment of their cases together to a single judge, through trial, for consistent rulings and bellwether procedures, as the Seventh Circuit held under analogous facts in *In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012).

## RELIEF REQUESTED

This case presents a uniquely appropriate record and set of issues for review under Section 1453(c).   The Court should grant permission to appeal, set an expedited schedule under 28 U.S.C. § 1453(c)(2), and reverse the district court's remand order.

Appellate Case: 13-8031     Page: 7     Date Filed: 09/06/2013 Entry ID: 4073251

# INTRODUCTION

These cases present the exact situation Congress sought to remedy in CAFA. Boston Scientific faces products liability claims by 136 plaintiffs[2] located in 35 states involving surgical women's health products. Each case was filed in St. Louis City, even though the vast majority of the claims have no connection to St. Louis, or even Missouri.

The Class Action Fairness Act of 2005 ("CAFA") vests the federal courts with jurisdiction and accordingly permits removal whenever claims of 100 or more plaintiffs are proposed to be tried jointly on the ground that they involve common questions of law or fact. 28 U.S.C. § 1332(d)(11). Here, however, the district court erroneously remanded this case to state court, ruling that Plaintiffs' proposal to join the claims of 100-plus plaintiffs before a single state trial judge for consistent rulings and a bellwether process does not constitute a proposal for the cases to be "tried jointly."

In effect, the district court ruled that, for CAFA's mass action provision to apply, hundreds of plaintiffs must explicitly *demand* that a court try their entire

---

[2] *Pierson, et al. v. Boston Scientific Corp.*, 4:13-cv-01509-HEA was filed after the June 6, 2013 hearing—bringing the total to 233 Plaintiffs and 39 states. Boston Scientific removed the case under CAFA based on Plaintiffs' representation at the June 6, 2013, hearing that "[I]n the future, there may be other cases where we're going to ask you to assign those group [sic] of cases to a particular judge." App. 47:6-8. Plaintiffs moved to remand and Boston Scientific opposed. That motion remains pending.

3

case in a single mega-trial. The district court read "proposed" out of the statute, suggesting that a court must actually implement plaintiffs' plan. The district court also erroneously hinged its reasoning on "consolidation" not the statute's language, "tried jointly." The district court ignored that plaintiffs' joinder and their cross-case proposal serves absolutely no purpose if the cases are not "tried jointly." In all, the district court's decision violates fundamental rules of statutory construction, ignores the plain intent of CAFA's mass action provision, and is in direct conflict with *In re Abbott Laboratories, Inc.,* 698 F.3d 568 (7th Cir. 2012). This appeal presents a critical issue of first impression for this Court.

CAFA's primary objective is "ensuring 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). *See also* Pub. L. No. 109-2(b)(2), § 2, 119 Stat. 4. Congress was concerned the existing rules allowed "lawyers to 'game' the procedural rules and keep nationwide or multi-state class actions in state courts," including by filing "copycat" suits. S. Rep. No. 109-14, at 4, 5 (2005). *See also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (quoting S. Rep. No. 109-14, at 43 (2005)); *Raskas v. Johnson & Johnson, et al.,* 719 F.3d 884 (8th Cir. 2013) (reversing district court remand order where plaintiffs attempted to plead their way around federal CAFA jurisdiction by seeking some indeterminate, and in defendant's view, unascertainable, damages).

4

Certainly, the game is afoot in St. Louis City. Here, despite having thousands of cases in coordinated pre-trial proceedings before Honorable Chief Judge Joseph R. Goodwin in the United States District Court for the Southern District of West Virginia, *see, e.g., In Re Boston Scientific Corporation, Pelvic Repair Systems Products Liability Litigation*, MDL No. 2326, plaintiffs have filed several hundred copycat claims in St. Louis City against various manufacturers of surgical women's health products, by naming non-diverse plaintiffs with a St. Louis City resident. At the same time they oppose severance of their claims, and seek to try their cases before a single judge together, plaintiffs insist they are not seeking "consolidation" of their cases. These circumstances beg the question— why else would these Plaintiffs' claims remain together if never to be tried jointly? The simple answer is that plaintiffs cannot have it both ways. *Raskas*, for one, demonstrates the Eighth Circuit's recognition that plaintiffs should not be able to avoid federal CAFA jurisdiction through artful pleading. While the instant flood of multi-plaintiff cases shows that plaintiffs' effort to avoid federal courts for mass actions continues even after their unsuccessful attempts to stipulate to class-wide recovery under $5 million (*Standard Fire*) and plead unascertainable losses (*Raskas*), it should fail, just as it failed in *Standard Fire* and *Raskas*. Congress intended for such claims to proceed in federal court.

5

CAFA's mass action provision is appropriately read as applying to "a situation in which it is proposed or ordered that claims be tried jointly <u>in any respect.</u>" 151 Cong Rec. H729 (Daily ed. Feb. 17, 2005) (statement of sponsor Rep. James Sensenbrenner) (emphasis added). The Oxford English Dictionary defines "jointly" as "in conjunction, combination, or concert." (available at http://www.oed.com) (last visited Jul. 3, 2013). Indeed, where plaintiffs request consolidation or coordination through trial, and not solely for pretrial proceedings, but to "facilitate the efficient disposition of a number of universal and fundamental substantive questions applicable to all or most Plaintiffs' cases without the risk of inconsistent adjudication," plaintiffs have requested joint trial implicitly, giving rise to "mass action" jurisdiction. *Abbott*, 698 F.3d 568. And this is exactly what Plaintiffs proposed in three cases Boston Scientific seeks to appeal.

## STATEMENT OF FACTS

### A. Plaintiffs' Proposal for a Single Trial Judge, Consistent Rulings Through Trial, and a Bellwether Process

*Taylor, et al. v. Boston Scientific Corp.*, 4:13-cv-1274-HEA, *Evans, et al. v. Boston Scientific Cor*p., 4:13-cv-1272-HEA, and *Atwell, et al. v. Boston Scientific Corp.*, 4:13-cv-1270-CEJ are all multi-plaintiff cases involving surgical women's health products, together totaling 136 Plaintiffs. In all three cases, Plaintiffs allege Boston Scientific manufactured various "defective" and "unreasonably dangerous" pelvic mesh products and seek damages. In their Petition, Plaintiffs state only their

6

citizenship and residence.  *See* App. 87 ¶4; App. 124 ¶7-136 ¶73; App. 163 ¶5-171¶31.  They do not allege where they were surgically implanted with the Boston Scientific devices, when the surgery occurred, or who performed it.  *Id*.  Plaintiffs do not allege which specific injury each woman suffered.  *Id*.  They do not specify which of eight types of damages each woman seeks.  *Id*.

On June 6, 2013, the state court heard Plaintiffs' request for special assignment of these three cases to a particular judge.   During the hearing, Plaintiffs' counsel requested the cases be tried in conjunction with one another; asking for the trial judge "to handle these cases for consistency of rulings, judicial economy, administration of justice."  App. 70:24-80:1.  They explained:

> [O]ur motion is to have it assigned to the judge that's going to try the case because of the complexity that's going to occur all the way through, that he should be the one to marshal how the case is going to be developed. I can't suggest to this Court what deposition procedure should be done, what protocol should be done on all of the discovery because you're not going to be the trial judge if you don't keep the case. So it makes no sense for me to try to tell this Court what would be the best way to go and the protocol. That's going to be up to the judge that's going to end up hearing the pretrial motions and ultimately try the case. You'll understand, your Honor, and you probably found out, we've got multiple plaintiffs. There's going to be a process in which to select the bellwether case to try, okay.

App. 47:14-48:4.   Plaintiffs' proposal necessarily entailed adjudication of numerous issues on an aggregate basis (such as motions *in limine* and jury instructions), and that rulings would carry forward from case-to-case.  Plaintiffs

Appellate Case: 13-8031     Page: 12     Date Filed: 09/06/2013 Entry ID: 4073251

further couched their proposal on grounds that the cases presented common questions of law and fact.

### B.    The Removal and Remand Proceedings

On July 3, 2013, Boston Scientific removed *Taylor*, *Evans*, and *Atwell* to the United States District Court for the Eastern District of Missouri, asserting that Plaintiffs had implicitly proposed to try their claims jointly, giving rise for federal jurisdiction under the mass action provisions of CAFA.  App. 205-230.  Plaintiffs moved to remand the three cases (App. 231-282) and Boston Scientific opposed. App. 283-404.   In *Evans* and *Taylor*, the district court heard argument on the motions to remand on August 27, 2013.   The district court refused Boston Scientific's request for oral argument on the motion to remand in *Atwell*.   The same day as the *Evans* and *Taylor* hearing, the district court remanded *Taylor*, *Evans*, and *Atwell*.  App. 01-18.  In *Taylor* and *Evans*, the court found that counsel for Plaintiffs did not seek consolidation of their cases.  The court also stated that, even assuming Plaintiffs sought consolidation, the Plaintiffs in *Taylor* and *Evans* did not meet the jurisdictional threshold.[3]   In remanding *Atwell*, the court found

---

[3] There was another source of simple error in the decision below in that the three cases where assigned to two different district court judges.  In *Taylor* and *Evans*, the district court seemingly erroneously believed he might only consider Plaintiffs' proposal as it pertained to the two assigned cases.  The district court found, without basis in the record, that only the cases brought by the same lawyers in *Taylor* and *Evans* would have been joined, and that the number of Plaintiffs in *Taylor* and *Evans* does not satisfy the 100 plaintiff threshold for a mass action.

8

that Plaintiffs' June 6, 2013, statements, fell just short of a proposal, and merely anticipated what would happen as the cases came to trial.

## STANDARDS FOR ACCEPTING CAFA APPEALS

To further CAFA's policy of ensuring a federal forum for class or mass actions that resolve the rights of parties from multiple states, Congress has specified that in cases removed under CAFA, the removing defendant may petition for permission to appeal such orders. 28 U.S.C. § 1453(c). Granting such appeal is within the Court's sound discretion when the appeal raises "important and consequential" questions, and their resolution "will alleviate uncertainty in the district courts." *Froud v. Anadarko E&P Co. Ltd. P'ship*, 607 F.3d 520, 523 (8th Cir. 2010). Other circuits have identified additional factors that favor granting leave to appeal under CAFA. Under *Coleman*, the "key factor" in granting review is the presence of an important CAFA-related issue. 627 F.3d at 1100. Other case-specific factors include "the importance of the CAFA-related question to the case at hand and the likelihood that the question will evade effective review if left for consideration only after final judgment. The appellate court should also consider whether the record is sufficiently developed and the order sufficiently final to permit intelligent review." *Id.* Finally, there is the "familiar inquiry into the balance of the harms." *Id. See also Coll. of Dental Surgeons of Puerto Rico*, 585 F.3d at 38 (collecting cases). Indeed, if the CAFA-related issue is unsettled, "an

9

immediate appeal is more likely to be appropriate, particularly where the question appears to be either incorrectly decided by the court below or at least fairly debatable." *Coleman*, 627 F.3d at 1100.

Appellate Case: 13-8031     Page: 15     Date Filed: 09/06/2013 Entry ID: 4073251

**REASONS TO ACCEPT THIS APPEAL**

**I.     This Case Presents an Important CAFA Issue of Whether Plaintiffs' Proposal for Assignment of Multiple Cases to a Single Judge for Consistent Rulings Through Trial and a Bellwether Process is a Joint Trial in Substance**

Providing appellate interpretation of "tried jointly" would be a worthy addition to the Eighth Circuit's body of law.  Notwithstanding the importance of this issue and the frequency with which it arises in the district courts, there remains a dearth of judicial guidance on CAFA's mass action provision.  *See* Paul D. Rheingold, *Litigating Mass Tort Cases*, § 2:4 (2012) (statutory language, including "proposed to be tried jointly" has rarely been addressed by appellate courts).  Thus far, the only appellate decision to have addressed the intersection between cross-case trial requests in state court (like the one here) and CAFA's mass action provision, is the Seventh Circuit's decision in *Abbott*, which resolved the issue precisely contrary to the district court's decision.  Section 1453(c) is designed, "in large part, to develop a body of appellate law interpreting [CAFA]."  *Coll. of Dental Surgeons of Puerto Rico*, 585 F.3d at 38.  As set forth below, this Court should accept review of the district court's decisions for three principal reasons: (1) *Abbott*'s well-reasoned interpretation of the CAFA mass-action provision fully disposes of this appeal; (2) reversing the district court's remand decisions is more consistent with the policies of CAFA; and (3) this Court need not create a circuit

11

split.

### A. *Abbott's* Well-Reasoned Interpretation of "Tried Jointly" Disposes of This Appeal

By failing to address *Abbott* in the *Taylor* and *Evans* orders, the district court suggested this Court would not adopt *Abbott's* interpretation of the CAFA mass action provision. But the *Taylor* and *Evans* orders also failed to identify an alternate interpretation. This appeal thus presents a perfect vehicle for this Court to interpret "tried jointly" for itself.

### 1. "Tried Jointly" Is a Question of Substance, Not Form

Moreover, in attempting to distinguish *Abbott*, the district court in *Atwell* applied an improvident gloss on the *Abbott* rule that itself presents an issue worthy of review. *Abbott* holds that mass action removal is proper where a plaintiff's motion in substance proposes that it be tried jointly with the claims of more than 100 other persons; neither *Abbott*, nor the statute, requires that the claims be formally consolidated. The *Taylor* and *Evans* orders, moreover, overlooked that Plaintiffs' Amended Motion mentions trial not once, but four times. All three decisions also missed *Abbott's* point that it is the substance—not the labels—in the proposal that counts. *See also Standard Fire*, 133 S. Ct. at 1350 (reviewing removability in another context, explaining that for "CAFA jurisdiction purposes," federal courts, should not "exalt form over substance . . . .").

12

## 2. There is No Rational Way to Interpret Plaintiffs' Proposal Other Than as an Implicit Proposal for Joint Trial

As in *Abbott*, Plaintiffs' proposal implicates the federal courts' mass action jurisdiction under CAFA. *Abbott* holds that any proposal for a joint trial—whether explicit or implicit—permits removal. 698 F.3d at 573. Against the backdrop of its Congressional purpose, and as Judge Easterbrook explained for a unanimous Seventh Circuit panel, "tried jointly" depends not on "whether 100 or more plaintiffs answer a roll call in court, but whether the 'claims' advanced by 100 or more persons are proposed to be tried jointly." *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008). Here, just as in *Abbott*, Plaintiffs proposed that these cases be assigned to one judge through trial, together, to marshal how the cases developed, to rule on pretrial motions, and to implement a cross-case bellwether process. App. 47:14-48:4. Plaintiffs further asked for the judge "to handle these cases for consistency of rulings, judicial economy, administration of justice." App. 79:24-80:1. Plaintiffs' proposal entails adjudication of issues such as motions *in limine* and jury instructions on an aggregate basis, that would carry forward from case-to-case. The *Abbott* court explained there was no other rational way to interpret the plaintiffs' proposal, for "it is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases. In either situation, plaintiffs' claims would be tried

13

jointly." *Id.* at 573. In fact, Plaintiffs' request for a joint trial is even clearer here, where, unlike *Abbott*, Plaintiffs have specifically stated that they seek to avoid inconsistent rulings. They have specifically stated that they wish an exemplar, "bellwether" trial. Moreover, Plaintiffs could have limited their request for coordination to pretrial proceedings only, which Congress specifically exempted from the mass action definition. 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). They did not.

Under the district court's interpretation, plaintiffs may ask state courts to do what even federal MDL courts cannot do without the parties' consent, namely, join and try cases nationwide. In essence, the district courts held that only an *explicit* proposal for joint trial authorizes mass action removal. The district court also would allow Plaintiffs to eschew congressional intent by initially naming just under 100 plaintiffs per case, but later reap the benefit of cross-case trial procedures by asking the state court to join the cases.

### 3. A Motion Is a "Proposal" Even If Not Yet Implemented

Further, the district court improvidently suggested that a court must actually implement plaintiffs' plan for cases to become removable. However, at least one Circuit court has observed that the only requirement for a proposal is that it originate with the plaintiffs or the court, rather than the defendants. *Abbott*, 698 F.3d at 572 (relying on its precedents in *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008), and *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th

14

Cir. 2011)).  "[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed."  *Id.* at 573 (citing *Bullard*, 535 F.3d at 762).  ". . . [S]eparate state court actions may, of course, become removable [as a CAFA mass action] . . . if plaintiffs seek to join the claims for trial."  *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 956 (9th Cir. 2009). Plaintiffs here proposed cross-case trial rulings and a bellwether trial.  In the words of *Bullard*, it "does not matter" if those trial rulings and trials "actually ensue." Because of Congress's objectives in enacting CAFA and the plain language of the statute, the district court should not err on the side of remand by suggesting a Motion may somehow fall just short of a proposal.  Likewise, the district court should not err on the side of remand because Plaintiffs' request has not been implemented yet.

### B.    Reversal of the District Court Decisions Better Serves CAFA

Additionally, reversing the district court's orders serves the unadorned objectives of the Class Action Fairness Act.  Here, the overwhelming majority of the Plaintiffs in these cases are from states other than Missouri (or tellingly, do not even allege facts probative of venue, their injuries, or the applicable facts for determining which states' substantive laws apply), evidencing the precise problem Congress set to address in CAFA.  Referring to damages requirements, Chief Justice Roberts recently raised the possibility of using pleading tactics as a way of

15

thwarting Congress' purposes in enacting CAFA. (*See* Jan. 7, 2013 Tr. of Oral Arg., *Standard Fire Ins. Co. v. Knowles* (U.S. No. 11-1450)[4] Justice Breyer characterized such "manipulative" tactics as "'monkey business.'" (*Id.* at 45:11-46:1 (Breyer, J.).) He continued, "So if it's a manipulative stipulation, whatever that might be, it doesn't bar me as the district judge from aggregating up to – beyond 5 million." (*Id.* at 46:13-16 (Breyer, J.).) This Supreme Court ruling highlights the need to construe the mass action provision in a sensible, substance-over-form way: a Motion for a single cross-case trial judge, consistent rulings, and a bellwether process, is, quite practically, a proposal for a joint trial of the claims of 100 or more persons. Review by this Court is warranted to establish such a sensible and workable rule for this Circuit.

## C. There is No Compelling Reason to Create a Circuit Split

Finally, this Court should accept review of this case and apply the rule of *Abbott* because there is no compelling reason to create a circuit split or to allow the district courts to gloss over *Abbott*'s reasoning. The presumption in this Circuit is to avoid inter-circuit conflict. As the Court has explained, "a sister circuit's reasoned decision deserves great weight and precedential value." *In re Miller*, 276 F.3d 424, 428-29 (8th Cir. 2002) ("'As an appellate court, we strive to maintain

---

[4] (available at
http://www.supremecourt.gov/oral_arguments/argument_transcripts/11-1450.pdf).

16

uniformity in the law among the circuits, wherever reasoned analysis will allow, thus avoiding unnecessary burdens on the Supreme Court docket.'"). This Court should grant review to avoid inter-circuit conflict with the Seventh Circuit's holding in *Abbott*, which permits mass action removal based on consolidation motions analogous to the single trial judge, consistent rulings, and bellwether procedure proposed here. Plaintiffs failed to offer the district court any compelling reason to reject the Seventh Circuit's reasoning in *Abbott*; indeed, there is none. Accordingly, the Court should grant review of this case and reverse the decisions of the district court.

## II. Case-Specific Factors Support Granting Review

While the importance of the CAFA-related issue at stake independently warrants review at this time, other factors also support review:

*First*, absent a CAFA appeal, the CAFA-related questions in this case will in all likelihood evade review. Having had this case remanded to state court, Boston Scientific cannot obtain meaningful review of its entitlement to federal jurisdiction under CAFA's mass action provisions. "The probability that a state court or the Supreme Court will review the federal jurisdictional question after the merits of the case have been decided is almost non-existent, so this question is likely to evade review if [petitioner] cannot immediately appeal." *Coleman,* 627 F.3d at 1101. *See also BP America, Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1035

17

(10th Cir. 2010) (observing that CAFA remand order "preclude[s] any other opportunity for BP to vindicate its claimed legal entitlement – purportedly granted by Congress – to have a federal tribunal adjudicate the merits.").

*Second*, the record is sufficiently developed and the order is sufficiently final to permit review by this Court. Because the remand order was entered and the federal court has sent the case back to the state court for further proceedings, there is a finite record as to the issues raised by CAFA. Thus, the case is well-positioned for review of the question presented, which constitutes a pure question of law that will apply to numerous other cases. *See Coleman,* 627 F.3d at 1101.

*Third*, the balance of harms favors granting appeal. The only harm that Plaintiffs will experience if the remand order is appealed is nominal delay as CAFA appeals are expedited. *See* 28 U.S.C. § 1453(c)(2). On the other hand, Boston Scientific will be irreparably harmed in that it "will lose almost any chance of litigating this case in a federal forum if it is not allowed to appeal the remand order." *Coleman*, 627 F.3d at 1101. This factor thus also warrants granting appeal.

Finally, this Court should accept review of this case because it will provide guidance for other district courts adjudicating remand motions in the pelvic mesh litigation. Additional petitions for review of CAFA will undoubtedly follow the adjudication of those motions, and it is therefore in the interest of judicial economy

18

for this Court to resolve the important CAFA question concerning the application of *Abbott* at this time.

## CONCLUSION

For these reasons, Boston Scientific requests that the Court grant permission to appeal the district court's remand order and, upon review, reverse that order with instructions to deny remand.

Respectfully submitted,

___/s/Gerard T. Noce___
Gerard T. Noce #27636
gtn@heplerbroom.com
W. Jason Rankin #62672
wjr@heplerbroom.com
Beth A. Bauer #49981
bab@heplerbroom.com
HEPLERBROOM LLC
211 North Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160

Eric A. Anielak
eanielak@shb.com
Jon A. Strongman
jstrongman@shb.com
Adrienne L. Hernandez
ahernandez@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed on the 6th day of September, 2013, with the 8th Circuit United States Court of Appeals along with a CD-ROM containing this document formatted in Adobe Acrobat 9 which has been scanned for viruses and it is virus free. A copy has also been mailed by first class mail, postage prepaid, and by depositing in a U.S. Post Office mail box to the following counsel:

Mark Kell
Daniel A. Raniere
Mark C. Aubuchon
KELL LAMPIN LLC
1015 Locust St., Suite 905
St. Louis, MO 63101
(314) 621-1575
FAX (314) 621-1578

SIMMONS BROWDER GIANARIS
ANGELIDIS & BARNERD LLC
Trent B. Miracle
John J. Foley
Andrew S. Williams
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 269-2251

THE SIMON LAW FIRM, P.C.
Amy Collignon Gunn
Anne Brockland
800 Market Street, Suite 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029

REILLY POZNER LLP
Joseph J. Zonies
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone: (303) 893-610
Fax: (303) 893-6110

DAVIS & CRUMP, P.C.
Martin Crump
1712 15th Street
Gulfport, MS 39501
Phone: 800-277-0300
Fax: (228) 864-0907

        /s/Gerard T. Noce
        Gerard T. Noce

20

# INDEX TO EXHIBITS

1. Memorandum and Order Granting Remand (*Taylor*) ........................ App. 01

2. Memorandum and Order Granting Remand (*Atwell*) ........................ App. 04

3. Memorandum and Order Granting Remand (*Evans*) ........................ App. 14

4. Motion for Assignment of Trial Judge Hearing Transcript ............... App. 19

5. Petition (*Taylor*) ..................................................................... App. 86

6. Petition (*Atwell*) .................................................................. App. 120

7. Petition (*Evans*) ................................................................... App. 162

8. Notice of Removal (*Taylor*) ................................................. App. 205

9. Notice of Removal (*Atwell*) ................................................ App. 213

10. Notice of Removal (*Evans*) ................................................ App. 223

11. Motion to Remand (*Taylor*) ............................................... App. 231

12. Motion to Remand (*Atwell*) ............................................... App. 245

13. Motion to Remand (*Evans*) ................................................ App. 269

14. Opposition to Remand (*Taylor*) .......................................... App. 283

15. Opposition to Remand (*Atwell*) .......................................... App. 299

16. Opposition to Remand (*Evans*) ........................................... App. 319